## Kate Current, Appellee, v. Sadie L. Enright, Appellant.

1. PLEADING—*when plea does not set up defense to action upon promissory note.* A plea interposed as a defense to an action upon a promissory note predicated upon failure of consideration is bad where it alleges failure to make delivery of the good will of a hotel business without setting up any acts done or admitted to be done which would affect the patronage of the hotel in question.

2. EVIDENCE—*what tends to establish ownership.* Schedules specifying property as used in a particular business, insurance policies covering such property, *held,* as tending to show that such property was owned by the vendor and was intended to be included by him in a transfer made by bill of sale.

3. CONVEYANCES—*what evidence incompetent to affect bill of sale.* It is error to permit an attorney who drew a contract of sale to testify as to what property was not intended to be included within the terms thereof.

4. APPEALS AND ERRORS—*when bill of exceptions filed in apt time.* An order extending the time for the filing of a bill of exceptions operates to extend such time from the date of the expiration of the time as originally fixed, and if the bill of exceptions is filed within the time provided for by such an extension, it is filed in apt time.

Judgment by confession. Appeal from the Circuit Court of Vermilion county; the Hon. JAMES W. CRAIG, Judge, presiding. Heard in this court at the November term, 1909. Reversed and remanded. Opinion filed December 1, 1910.

W. T. GUNN and JONES & BOOKWALTER, for appellant.

J. B. MANN, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by appellee against appellant to recover upon a promissory note, dated December 21, 1907, for $1,000 due on or before one year after date, payable to the order of Charles R. Current, husband of appellee, and by him assigned to appellee. The note was secured by 'chattel mortgage' and so endorsed upon the face thereof.

The trial below resulted in a judgment for appellee for $792.50, to reverse which this appeal is prosecuted.

At the time of the execution of this note appellant purchased from appellee the undivided one-half interest in a hotel in Danville, known as Tremont House, for the sum of $2,000, one thousand being paid in cash and this note being for the remaining $1,000. At the time of the purchase Charles R. Current, the payee in the note, executed to appellant a bill of sale; the bill of sale is as follows:

"ARTICLES OF AGREEMENT, made and entered into in triplicate this 21st day of December, 1907, by and between Charles R. Current, party of the first part, and Sadie L. Enright, party of the second part, witnesseth:

"The first party has sold to second party and second party has bought of first party the undivided one-half interest in and to all furniture, fixtures, goodwill, stock and lease used in connection with the running of the Tremont Hotel in Danville, Vermilion County, Illinois, for the consideration of $2,000 payable as follows;—$1000 cash in hand, the receipt of which is hereby acknowledged, and $1000 in one year from this date, with interest thereon at the rate of six per cent. per annum from date, with privilege of paying the same sooner if desired; said deferred payment to be evidenced by a note secured by a chattel mortgage on the undivided one-half interest hereby sold and purchased.

"The said parties to be equal partners in the carrying on of said hotel business, each to give one-half his time thereto provided that Mr. H. P. Vicburn shall act in the place of the said second party when she so desires and arranges. Said second party hereby assumes the liability and responsibility of a partner in and to the said lease, for the building in which the said hotel is conducted.

"Witness their hands and seals the date first above written.

CHARLES R. CURRENT.     (Seal)"
SADIE L. ENRIGHT,         (Seal)"

Some time after the delivery of the bill of sale
Charles R. Current or appellee removed from the
hotel certain furniture, fixtures, etc., under the claim
that they were not included in the bill of sale and
not intended to pass thereby. Trouble arose between
Charles R. Current and appellant and suit was brought
upon the note by appellee. Judgment was entered by
confession under power of attorney, attached to the
note. Upon motion of appellant the judgment was
opened and appellant given leave to plead.

After filing several pleas and having demurrers sus-
tained thereto and taking leave to amend, appellant
amended her first, third, fifth and sixth pleas and filed
one additional plea; these were pleas of partial fail-
ure of consideration. Issue was joined upon all these
pleas by appellee.

To the second plea filed by appellant a demurrer
was sustained by the court; appellant elected to stand
by this plea and assigns as error the ruling of the
court upon the demurrer. This plea avers that under
and by the terms of the bill of sale Charles B. Cur-
rent sold to appellee among other things the good
will of the hotel and avers that the good will was
not delivered and that by reason of the failure to so
deliver the good will there was a partial failure of
the consideration of said note to the extent of $900.
This plea does not aver that the hotel was not deliv-
ered in accordance with the conditions of the bill of
sale other than that the good will was not delivered
and the plea does not attempt to set forth any act
done or attempted to be done by Charles B. Current
which would in any way affect the patronage of the
hotel or aver any acts or conduct of Charles R. Cur-
rent that was of any damage to the hotel. The good
will of a place of business is not of itself susceptible
of delivery and a delivery of the good will was com-
pleted by a compliance with the conditions of the
terms of the bill of sale, consequently this plea was
bad and the court did not err in sustaining the de-
murrer thereto.

Complaint is made that the court refused to admit evidence on behalf of appellant which tended to show that Charles R. Current was the owner of the furniture in rooms No. 2 and the parlor and that this furniture was used in connection with the operation of the hotel and the conduct of the business and that this property was removed by Charles R. Current after the delivery of the bill of sale upon the claim that the same belonged to his wife, the appellee herein. In support of this contention appellant offered in evidence Exhibits "4" and "5" which were standard policies of insurance and offered to show that these policies were obtained by Charles R. Current and covered the property in question and described the same as the property of Charles R. Current and Sadie Enright; this was offered as an admission on the part of Charles R. Current that the articles covered by the insurance policies and insured in the name of Charles R. Current and Sadie Enright were used in connection with the running of the hotel, and that insuring these articles in the name of Charles R. Current and appellant tended to show they were included in the bill of sale. The court sustained objections to this evidence.

Appellant also offered Exhibit No. "3" which was a schedule of the property in this hotel and which schedule was made by Charles R. Current at the time the policies of insurance were secured and included all the property in question. This was offered as an admission and declaration on the part of Charles R. Current that the articles therein enumerated were used in the operation and running of the hotel and passed by the bill of sale. The court also sustained objections to this evidence.

The payment of the note in controversy in this case was secured by a chattel mortgage and the note was so endorsed upon its face and it is within the provisions of the statute relating to notes secured by chattel mortgage which permits any defense being

made against the assignee of such note that might be made if the suit was brought by the payee therein; consequently all acts of Charles R. Current tending to show ownership of this property or its use in connection with the operation and running of the hotel, as well as any admissions or declarations made by him regarding the same, was competent evidence as against appellee and it was error for the trial court to sustain the objections to this class of evidence.

It is also complained that the court permitted appellee to show or testify as to what was intended to be included in this contract and permitted the attorney, who drew the contract of sale, to testify that certain property in the hotel was not included within the terms of the contract. This was also error; the contract being in writing, parol evidence is not permissible to vary its terms and while it would have been proper for the court to permit appellee to show how and in what manner the property was used, it was error to permit the attorney to testify that it was not included in the contract.

It is insisted by appellee that the bill of exceptions was not filed in apt time in this cause. The original order entered by the court for the time of filing the bill of exceptions gave appellant thirty days within which to file it; the thirty days would have expired July first; but on June 28th before the time for the filing of the bill of exceptions had expired, appellant entered a motion in open court to extend the time for filing the bill of exceptions thirty days; this order was granted by the court and the time of filing the bill of exceptions extended thirty days, and this extension of the time gave appellant thirty days from the first day of July in which to file the bill of exceptions. It was filed July 29th, within the thirty days and is properly on file.

There are other errors assigned upon this record which will undoubtedly be obviated upon another trial by reason of what has heretofore been said, and it is,

therefore, unnecessary for us to further discuss them. By reason of the errors herein indicated the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*